Francisco Vela Acosta, recurrente, *v.* El Registrador de la Propiedad de Caguas, recurrido.

No. 778.—*Sometido:* Noviembre 4, 1929. *Resuelto:* Nov. 14, 1929.

*L. Muñoz Morales,* abogado del recurrente; el registrador recurrido no compareció.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Por escritura pública otorgada en San Juan el 20 de mayo de 1929, Jacinto A. Palacios por sí y como apoderado de su esposa vendió a Francisco Vela, el recurrente, dos fincas situadas en el municipio de Gurabo conocidas por "La Nave" y "Mamey", que había adquirido el 29 de enero de 1929 y cuyo dominio tenía inscrito en el Registro de la Propiedad.

Se hizo constar además en la escritura de venta que en la Corte de Distrito de Humacao se siguió un pleito contra María Nieves viuda de González y Ramón González en cobro de dinero; que en dicho pleito se embargaron las fincas "La Nave" y "Mamey", entonces de la propiedad de doña María Nieves viuda de González, quedando anotado el embargo en el Registro el 14 de mayo de 1928; que en agosto de 1928 se dictó y registró sentencia en dicho pleito en contra de los demandados y que para hacer efectiva dicha sentencia el márshal de la corte de distrito vendió en pública subasta las fincas embargadas el día 18 de mayo de 1929, habiéndolas adquirido Francisco Vela Acosta. Se transcribe el acta de la subasta levantada por el márshal.

Y también se hizo constar en la escritura de mayo 20, 1929, que el comprador en la subasta, Vela, requirió a Palacios que había adquirido en enero del mismo año las dichas fincas de su dueña la demandada viuda de González, para que otorgara la correspondiente escritura; que Palacios se avino a ello y en efecto así lo hacía ratificando la venta ya hecha por el márshal. Por la propia escritura Palacios vendió a Vela las plantaciones de cañas que tenía en las fincas.

Presentado el documento para su inscripción en el regis-

tro, se negó el registrador por medio de una nota que copiada en lo pertinente, dice:

"Denegada la inscripción solicitada del presente documento por observarse: en cuanto a la finca La Nave que el señor Palacios sólo posee en dicha finca condominios proindivisos representados por $12,620.80 en el valor de $13,950 dado a dicha finca; y en cuanto a las dos fincas descritas: que el márshal lo que vendió en el pleito a que se refiere este documento fueron los derechos y acciones que pudieran tener los demandados María Nieves y Ramón González en dichas fincas y aparece requiriéndose a Jacinto A. Palacios por el rematante señor Vela; y el señor Palacios como cumplimentando la venta efectuada por el márshal otorga escritura de venta al señor Vela infringiéndose lo preceptuado en el artículo 5º de la ley de 9 de marzo de 1905 sección 5294 de los Estatutos Revisados de 1911 . . .''

Los motivos que tuvo el registrador tal como los expone el recurrente en su alegato y se consignan en la nota, fueron, pues, los siguientes:

"A.—Que el vendedor Sr. Palacios sólo había adquirido y poseía en una de las fincas condominios proindivisos representados por determinada cantidad.

"B.—Que lo que el márshal vendió en el remate en el pleito a que se refiere la escritura fueron los derechos y acciones que pudieran tener los anteriores dueños demandados María Nieves y Ramón González.

"C.—Que al verificarse la venta directamente por el Sr. Palacios como dueño de las fincas o derechos se infringió el artículo 5 de la Ley de 9 de marzo de 1905, que exige que sea el márshal el que otorgue la escritura de venta.''

El primero y el segundo de los motivos pueden estudiarse y resolverse conjuntamente.

■ Es cierto que en la escritura de 20 de mayo de 1929 se dice que Palacios es dueño de la totalidad de las fincas. De la nota se desprende que solamente lo es de un condominio de $12,620.80 en un valor de $13,950.00.

Si esto es así, creemos que tiene razón el recurrente al sostener que el registrador no estaba justificado en negar en absoluto la inscripción del documento, sino que debió, armo-

nizándolo con las constancias del registro, inscribir la venta en cuanto al condominio que figura inscrito a favor del vendedor y negar su inscripción en cuanto a la diferencia para completar el total del dominio.

El mismo razonamiento se aplica a la venta del márshal. Si éste vendió los derechos y acciones que la demandada Señora Nieves viuda de González tenía sobre las fincas, y la venta fué ratificada por el que antes había adquirido esos derechos de la propia Señora Nieves, en tal forma debió haberse consignado la inscripción. Después de todo nada más puede venderse que lo que realmente se tiene.

No es recomendable la práctica seguida en este caso. Algo anormal debió existir. Pero si todos los interesados muestran al fin su conformidad en forma solemne, debe darse entrada en el registro a la expresión final de lo realmente pactado.

 Examinemos el tercer motivo. El precepto de ley que invoca el registrador dice:

"Art. 5.—En los casos en que se venda en subasta pública por el márshal u otro funcionario debidamente autorizado una propiedad inmueble en virtud de ejecución u orden de venta librada por una corte de justicia deberá dicho márshal o funcionario otorgarle al comprador escritura pública en debida forma de tal propiedad, abonando dicho comprador el importe de tal escritura."

Ese precepto debe interpretarse en relación con el artículo 174 del Reglamento Hipotecario que expresa:

"Vendida o adjudicada la finca hipotecada, y consignada en su caso el precio correspondiente, se otorgará de oficio la escritura de traspaso o el acta de adjudicación por el juzgado, en representación del dueño de los bienes hipotecados, si éste no comparece espontáneamente a otorgarla el día que se señale, que será el más proximo posible, y seguidamente se pondrá en posesión judicial al nuevo dueño, si lo solicitare."

Cuando el márshal vendió la finca de que se trata en pública subasta, ya las había vendido su dueña con el gravamen del pleito, a Palacios, y si Palacios se muestra conforme en

vender de nuevo o ratificar la venta del márshal ¿para qué se necesita la escritura que por una ficción legal otorga dicho funcionario en sustitución del verdadero vendedor, el dueño? Actuando como actuó el dueño era innecesaria la actuación del márshal.

*Por virtud de todo lo expuesto debe revocarse la nota recurrida y ordenarse la inscripción solicitada en la forma que se ha indicado, esto es, limitando la venta a lo que del registro aparezca inscrito a favor del vendedor.*

El Juez Asociado Señor Hutchison no intervino.